UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM SUNDERMEYER,

      Plaintiff,

                                                         Civil Action 2:12-cv-959
  v.                                                Judge Michael H. Watson
                                                   Magistrate Judge Elizabeth P. Deavers

OHIO EDUCATION ASSOCIATION, *et. al*,

      Defendants.

**OPINION AND ORDER**

      This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  Plaintiff, William Sundermeyer, brings this action against Defendants, the Ohio Education Association ("OEA") and Ohio Education Association Management Employees Pension Plan (the "Plan") (collectively, "Defendants"), to recover a cost-of-living increase in pension benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).  This matter is before the Court for consideration of Plaintiff's Motion for Discovery (ECF No. 10), Defendant's Opposition to Plaintiff's Motion (ECF No. 14), and Plaintiff's Reply (ECF No. 15).  For the reasons that follow, Plaintiff's Motion for Discovery is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**I.**

      Ordinarily, in an ERISA case, the parties are not entitled to discovery.  *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (noting district court's review of ERISA claim for benefits is generally confined to administrative record).  Plaintiff asserts that discovery is necessary because Defendants operated under a structural conflict of interest in

denying his claim for benefits.  According to Plaintiff, Defendants operated under a conflict because OEA acts as both the administrator of his pension benefits plan as well as the payor of benefits.  Plaintiff contends that discovery is thus necessary to determine the scope and the impact of the conflict on the denial of his claim.

One of the several pieces of information Plaintiff seeks to discover to shed light on the structural conflict is the Plan administrator's prior interpretations of the term "retire."  Defendants denied Plaintiff's claim for a cost-of-living increase because they contend he does not meet the eligibility requirements.  To be eligible for an increase under the Plan, the beneficiary must be "retired."  In denying Plaintiff's claim, Defendants stated that "the Plan administrator has consistently interpreted the term ["retire"] to mean and refer only to one who has not only separated from employment but also intended to cease or conclude his or her working or professional career, as evidence by commencement of pension payments."  (Op. 5, ECF No. 14.)  Plaintiff sought commencement of his pension payments five years after he separated from OEA.  Consequently, Defendants maintain that Plaintiff does not meet the definition of the term "retire," and is thus ineligible for a cost-of-living increase.  Plaintiff seeks discovery regarding Defendants' prior interpretations of the term "retire" because he believes it will assist the Court's assessment of the scope and impact of the conflict of interest.

Defendants concede that they operated under a structural conflict of interest, but assert that the existence of such a conflict does not automatically confer a right to discovery.  Defendants maintain that the import of a conflict diminishes where the Plan administrator has taken active steps to reduce potential bias and promote accuracy.  The Plan at issue here, according to Defendants, charges a committee with conducting a *de novo* review of a claim when

a claimant appeals.  The committee must also provide a detailed, written explanation for a denial with specific references to provisions of the Plan.  Further, the committee informs claimants of any additional materials necessary for the claimant to perfect a claim, along with an explanation as to why the material is necessary.  Thus, Defendants posit, sufficient protections are in place to eliminate the need for discovery related to the conflict of interest.

Defendants also assert that even if discovery was warranted, Plaintiff's discovery requests are overly broad and seek irrelevant information.  Because ERISA seeks to facilitate inexpensive and expeditious resolution of benefits disputes, Defendants contend that the relevancy-standard is higher in ERISA cases as compared to ordinary civil disputes.  They suggest that Plaintiff's proposed areas of discovery exceed the ERISA relevancy standard.

Finally, Defendants maintain that no documents or other materials exist regarding the Plan's previous interpretations of the term "retire."  According to Defendants, Plaintiff is the only employee who elected not to immediately draw pension benefits upon separation with the company.  They also point out that Plaintiff failed to challenge the Plan's interpretation of the term "retire" in his appeal to the committee.  Had Plaintiff done so, Defendants contend that the administrative record would contain information related to this challenge.  They posit that Plaintiff cannot now seek to do through discovery what he failed to do during the administrative process.

**II.**

Although Plaintiff does not make a clear distinction in his Motion, he effectively provides two distinct justifications to support his request for discovery: (1) conflict of interest; and (2) lack of completeness of the record.  The Court will address Plaintiff's purported justifications individually.

A.     **Conflict of Interest Discovery**

   1.     **The Permissibility of Discovery**

The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In adjudicating the merits of an ERISA denial of benefits claim, a district court cannot, however, consider evidence outside of the administrative record. *Wilkins*, 150 F.3d at 619. Consequently, matters outside the record are generally not relevant or discoverable. *See id.*; Fed. R. Civ. P. 26(b)(1). "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619). In instances involving such challenges, evidence outside the record may be relevant and discoverable. *Id.*; Fed. R. Civ. P. 26(b)(1).

In *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), the United States Supreme Court made clear that a plan administrator operates under a conflict of interest when it serves the dual role of an ERISA plan administrator and payor of plan benefits. 554 U.S. at 113. The *Glenn* Court proceeded to consider how this conflict "should be taken into account on judicial review of a discretionary benefit determination." *Id.* at 115 (internal quotation marks and citation omitted). First, the Court noted that the existence of such a conflict does not change the standard of review or make it necessary "for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id.* at 117. The Court then concluded that the structural conflict of interest created by

4

the administrator's dual roles is a relevant consideration, among several case-specific considerations, courts should consider, with the significance of such a conflict to depend on the circumstances of each case. *Id*. The Court explained as follows:

> In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id*. at 118 (internal citations omitted).

Following *Glenn*, in *Johnson*, the United States Court of Appeals for the Sixth Circuit considered the propriety of a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual-role administrators under an ERISA plan. 324 F. App'x at 465–67. The *Johnson* Court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is not sufficient to permit discovery under *Wilkins*' exception." *Id*. at 466 (citing *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222 F. A'ppx 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008)). Citing *Glenn*, the *Johnson* Court nevertheless rejected the defendant's contention that its precedent should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*. *Id*. at 466. The *Johnson* Court also rejected the notion that *Glenn* permits discovery automatically in instances where the defendant is both the administrator and the payor. Instead, the Court

5

indicated that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. at 467; *accord*, *Bell v. Ameritech Sickness & Accident Disabilities Benefits Plan*, 399 F. A'ppx 991, 998 (6th Cir. 2010) ("Discovery may be appropriate to determine the weight to accord a conflict of interest, . . . but the district court retains discretion to decide when to allow such discovery."). The *Johnson* Court concluded that the district court did not abuse its discretion in allowing the plaintiff to conduct limited discovery concerning the conflict because the plaintiff had "offered more than a mere allegation of bias." *Id*.

In the wake of *Johnson*, courts in this Circuit have ruled inconsistently with respect to whether something beyond the mere existence of a structural conflict is necessary to permit discovery in an ERISA case. *See*, *e.g.*, *Myers v. Prudential Ins. Co.*, 581 F. Supp. 2d 904, 913, 914 (E.D. Tenn. 2008) (concluding that discovery within the parameters of Rule 26 is appropriate upon showing of a conflict alone); *Geer v. Hartford Life & Acc. Ins. Co.*, No. 08-12837, 2009 WL 1620402, *5 (E.D. Mich. June 9, 2009) (finding that a "plaintiff must first have some evidence of bias before being allowed to conduct discovery," and allowing discovery because, in addition to structural conflict, plaintiff identified circumstances in the denial that appeared to undermine the decision); *Price v. Hartford Life & Acc. Ins. Co.*, 746 F. Supp. 2d 860, 865 (E.D. Mich. 2010) (concluding that a plaintiff need not make an additional showing to warrant discovery within the confines of Rule 26); *Cramer v. Appalachian Reg. Healthcare, Inc.*, No. 5:11-49-KKC, 2012 WL 996583, *2 (E.D. Ky. March 23, 2012) (finding that a structural conflict is alone sufficient to open discovery); *Clark v. American Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp. 2d 655, 661 (W.D. Ky. 2012) (same); *Jones v. Allen*, -- F. Sup. 2d -

-, 2013 WL 1183318, *2 (S.D. Ohio 2013) (suggesting that something more than a conflict is required where discovery was allowed "in light of this clear [structural] conflict of interest, and in light of the facts in the administrative record regarding the basis for the committee's decision"); *Cummins v. Liberty Life Assur. Co.*, No. 10-cv-108, 2010 WL 4809269, *4 (S.D. Ohio Nov. 19, 2010) (permitting discovery because, beyond the mere existence of conflict, plaintiff offered additional evidence suggesting bias).

     Here, Defendants do not dispute that OEA serves as both the Plan administrator and the payor of benefits, thereby creating a structural conflict of interest. Without expressly holding whether and to what extent something beyond the mere existence of a conflict is necessary to open discovery, the Court concludes that Plaintiff has made the barest of an additional showing of potential bias here. Plaintiff points to the purported inconsistency in Defendants' position as to whether the Plan has previously interpreted the term "retire" to exclude individuals in Plaintiff's situation. Specifically, in denying Plaintiff's claim, Defendants asserted that "the Plan administrator has consistently interpreted the term [retire] to mean and refer only to one who has not only separated from employment but also [immediately initiated] commencement of pension payments." (Record, Ex. 11, ECF No. 10.) Yet, Defendants later indicated Plaintiff was the sole person who ever retired under circumstances that deviated from the purported norm. Although this language can be read to suggest that Defendants have previously confronted and denied a claim like the one Plaintiff presents before, they maintain in their Memorandum in Opposition that Plaintiff is the first and only individual to separate from employment without immediately initiating commencement of pension benefits. (Op. 5, ECF No. 14.) This inconsistency is minimally sufficient to warrant conflict-of-interest discovery. *See Geer*, 2009 WL 1620402 at

\*5 (allowing discovery where plaintiff identified circumstances that appeared to undermine the decision to deny benefits).  The Court must now determine the permissible scope of discovery.

      2.      **The Permissible Scope of Discovery**

Plaintiff sets forth three categories of proposed discovery.  (Mot. 8-10, ECF No. 10.)  Defendants contend that Plaintiff's proposed areas of discovery are impermissibly broad and seek irrelevant information.  (Op. 9, ECF No. 14.)  When it has been allowed, courts in this Circuit have consistently held that the permissible scope of discovery regarding a conflict of interest is narrow.  *See Cramer*, 2012 WL 996583 at \*2 ("Any discovery must be limited to the conflict of interest and allegations of bias."); *Mulligan v. Provident Life Ins. & Accident Ins. Co.*, 271 F.R.D. 584, 588 (E.D. Tenn 2011) ("[A]ny discovery must be strictly confined to the procedural challenge by which it is justified."); *Busch v. Hartford Life & Acc. Ins. Co.*, No. 5:10-111-KKC, 2010 WL 3842367, \*3 (E.D. Ky. Sept. 27, 2010) ("[A]ny discovery must be limited to the conflict of interest and any allegations of bias.").

In *Busch*, the court set forth "a running list of permitted areas of inquiry" that district courts within the Sixth Circuit have developed when an ERISA plaintiff is allowed to conduct discovery related to a structural conflict of interest particularly with claims involving disabilities.  *Bush*, 2010 WL 3842367 at \*4 (citations omitted).  The list set forth in *Bush*, however, is largely inapplicable here because the denial of Plaintiff's claim related to the Committee's interpretation of a Plan term and had nothing to do with Plaintiff's physical condition or health status.  *See Cramer*, 2012 WL 996583 at \*2 ("Here, the issue is a matter of contract interpretation and not a judgment call as to an employee's physical condition or health status[; t]herefore, *Bush's* permitted areas of inquiry will likely not provide meaningful guidance to the parties.").

8

Accordingly, the Court will analyze each of Plaintiff's proposed categories of discovery to determine whether it is narrowly tailored to assist the Court in evaluating the significance of the structural conflict.

### a. Practices in Claims Determinations

Plaintiff first seeks to discover information concerning the "general standards employed in the Plan's claim review." (Mot. 8, ECF No. 10.) In particular, Plaintiff seeks information as to how the Plan administrator has interpreted and applied the term "retire" in prior claims. *Id.* Plaintiff also seeks discovery concerning the manner in which OEA obtained the authority to review claims. According to Plaintiff, if he is able to demonstrate that Defendants failed to follow the appropriate procedures in granting OEA the authority to review claims, the claims determination will be entitled to less deference. *Id.* at 10. Finally, Plaintiff seeks discovery related to the composition of the committee responsible for reviewing claims. *Id.* at 9.

The Court concludes that limited discovery is appropriate with respect to two of Plaintiff's proposed areas of discovery. First, the Court will allow limited, written discovery into the narrow issue of the Plan's prior interpretations of the term "retire." Specifically, unless he demonstrates the need for more written discovery, Plaintiff may propound no more than three (3) interrogatories and accompanying requests for production designed to uncover the manner in which the Plan administrator has interpreted the term "retire" when determining benefits claims in the past. Defendants' responses to these written discovery requests will assist the Court in determining the weight to accord the conflict of interest. Prior inconsistent interpretations of that term may suggest that OEA's self-interest, rather than a long-standing interpretation of a contract term, influenced the denial of Plaintiff's benefits claim. *Cf. Doe v. Group Hosp. & Med. Servs.*,

9

3 F.3d 80, 87 (4th Cir. 1993) ("When a fiduciary exercises discretion in interpreting a disputed term of the contract where one interpretation will further the financial interests of the fiduciary, we will not act as deferentially as would otherwise be appropriate.").[1]

Plaintiff is also entitled to limited discovery related to the composition of the committee responsible for reviewing claims. Defendants concede that they operate under a conflict of interest. (Op. 12, ECF No. 14.) Plaintiff is entitled to determine whether the individuals on the committee responsible for reviewing his claim likewise may have been subject to a conflict.[2] Further, issues related to the composition of and procedural-safeguards associated with the committee directly relate to the weight the Court should accord to the structural conflict of interest. *See Glenn*, 554 U.S. 117 ("[A conflict] should prove less important . . . where the

---

[1]The Court notes that Plaintiff appears to seek prior interpretations of the term "retire" for the dual purpose of assessing the weight to accord the conflict as well as the reasonableness of Defendants' interpretation of that term in this case. *See* Mot. 8, ECF No. 10 (citing to cases in which courts have considered prior interpretations of a contract term in determining the reasonableness of the interpretation in the case under dispute). The Court acknowledges the minimal showing Plaintiff has made in this case to warrant conflict-of-interest discovery. As Plaintiff points out, however, prior inconsistent interpretations of the term "retire" could later prove beneficial to the Court in addressing the merits of Plaintiff's claim. *Cf. Adams v. Anheuser-Busch Co., Inc.* -- F. Supp. 2d --, 2013 WL 123084, *15 (S.D. Ohio 2013) ("An important factor in determining whether the administrator's interpretation of plan language was arbitrary and capricious is whether the administrator has consistently interpreted and applied the terms of the Plan in the past."); *Rhoton v. Central States, Se & Sw Areas Pension Fund*, 717 F.2d 988, 991 (6th Cir. 1983) ("[C]onsistent past interpretation and application of a pension plan is relevant to the reasonableness of a challenged [] decision. . . ."). Taken together, the Court is persuaded that such discovery is appropriate here. Moreover, as discussed further *infra*, if while considering Plaintiff's claim the Plan administrator or committee members discussed or referenced the Plan's prior interpretations of the term "retire," such information would be relevant to Plaintiff's benefits claim and thus subject to production pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii).

[2]Although in a footnote in their Opposition brief Defendants provide a list of OEA executives that comprised the committee during the relevant time period, Plaintiff is entitled to verify the composition of the committee through discovery. (Op. 10 n.4, ECF No. 14.)

10

administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits."). Accordingly, Plaintiff may propound no more than three (3) interrogatories and corresponding requests for production designed to discover who comprised the committee during the relevant time period and what procedural safeguards, other than those already set forth in Plan documents, exist to reduce the potential for bias in claims determinations.

The Court reaches a different conclusion with respect to Plaintiffs request for discovery as to how OEA was granted the authority to review claims. Plaintiff merely speculates that such discovery might reveal that Defendants failed to follow Plan procedures in granting OEA the authority to review claims. Speculation is an insufficient basis upon which to permit discovery in an ERISA case. *Adams v. Anheuser-Busch Co., Inc.*, No. 2:10-cv-826, 2012 WL 1058977, *4 (S.D. Ohio Mar. 28, 2012) (quoting *Putney*, 111 F. App'x at 807 ("a 'mere allegation of bias is not sufficient to permit discovery [in an ERISA case].'").

Accordingly, Plaintiff's request for discovery concerning (1) the Plan's prior interpretations of the term "retire" and (2) the composition of the committee and procedural safeguards aimed at reducing the potential for bias is **GRANTED**, subject to the limitations set forth herein. Plaintiff's request for discovery relating to OEA's authority to review claims is **DENIED**.

    b. **Financial Incentives Supporting the Denial of Claims**

Next, Plaintiff seeks information as to whether OEA's Executive Director may have had a financial incentive to deny his benefits claim.  Plaintiff also seeks information concerning the Plan's funding, "to determine whether a Plan funding issue influenced the Plan's decision to deny his claim."  (Mot. 10, ECF No. 10.)  In addition, Plaintiff seeks to discover the trust document referred to in Plan documents.  *Id.* at 8.

Plaintiff is entitled to limited discovery related to the existence of financial incentives to deny his benefits claim.  Specifically, Plaintiff is entitled to discover generally whether and to what extent OEA rewards claims administrators with incentives and bonuses based on company profitability or claim denial rates.  *See Mulligan*, 271 F.R.D. at 591 (permitting discovery to determine whether Plan administrators, who were also employed by payor, received bonuses or other financial incentives based on company profitability).  For example, Plaintiff may discover "any type of incentive, bonus, or reward program or system, formal or informal," related to the approval or denial of benefits claims or company profitability.  *Id.* at 594 (citing *Hays v. Provident Life & Accident Ins. Co.*, 623 F. Supp. 2d 840, 844-45 (W.D. Ky. 2010)).

The Court finds, however, that Plaintiff is not entitled to discover detailed compensation information such as salary or other specifics with respect to any particular claims administrator.  An individual's salary is highly sensitive and of little help in determining whether and to what extent a conflict influenced the denial of a particular claim.  Courts in this Circuit have been reluctant to approve discovery related to confidential employee information.  *See Mulligan*, 271 F.R.D. at 594 (surveying cases in which Courts refused to grant discovery into employee personnel files due to privacy concerns); *see also Mullins v. Prudential Ins. Co.*, 267 F.R.D. 504, 514 (W.D. Ky. 2010) ("Courts typically refuse to permit discovery in areas falling under the

12

general category of 'reviewer credibility' . . . [which] ordinarily encompass information such as employee pay records and personnel files.") (internal quotation marks and citation omitted). Rather, Plaintiff may propound no more than two interrogatories designed to discover whether the Plan administrator or committee members are able to receive bonuses or other incentives based on company profitability.

Plaintiff is not entitled to discovery concerning Plan funding or the trust document to which the Plan refers. The question of whether Plan funding may have motivated the denial of Plaintiff's claim bears no relation to the weight the Court should accord the structural conflict related to the dual role of the Plan administrator. Not only are the two issues separate and distinct, but Plaintiff has provided nothing more than speculation to support his request to discover information related to Plan funding. Again, speculation is an insufficient basis upon which to order discovery. *Adams*, 2012 WL 1058977 at *4. Nor has Plaintiff demonstrated how the trust document referred to in the Plan could inform the Court's determination of the weight to accord the structural conflict of interest.

Accordingly, Plaintiff's request for general discovery concerning financial incentives or bonuses to deny benefits claims is **GRANTED**, subject to the limitations imposed herein. To the extent Plaintiff seeks discovery related to salary or specific compensation of any particular OEA employee or claims administrator, his request is **DENIED**. Plaintiff's request for discovery concerning Plan funding and the trust document to which the Plan refers is also **DENIED**.

    c. **Internal Memoranda and Internal Manuals or Procedures**

Plaintiff also seeks to discover internal memoranda regarding claims procedures, as well as "documents exchanged between legal counsel, other internal documents relating to

13

administration of claims and procedures employed in reviewing claims." (Mot. 11, ECF No. 10.) In addition, Plaintiff seeks information relating to the denial of his benefits claim. *Id.* at 8. The Court concludes neither avenue for discovery is appropriate to assess the structural conflict of interest.

Although he maintains that the attorney-client privilege does not apply to internal memoranda related to claims administration, Plaintiff has not established how such information will affect the Court's analysis of the weight to accord the conflict. *Id.* at 10-12. Discovery in an ERISA case "must be strictly confined to the procedural challenge by which it is justified." *Mulligan*, 271 F.R.D. at 588. Plaintiff has not demonstrated that the conflict of interest warrants discovery of the items he seeks. Accordingly, Plaintiff's request for discovery of internal memoranda regarding claims procedures and information related to the denial of his benefits claim is **DENIED**.

**B.     The Permissibility of Completeness of the Record Discovery**

The second justification upon which Plaintiff relies to request discovery is lack of completeness of the Administrative Record. (Reply 2, ECF No. 15.) Plaintiff speculates that the Record is incomplete because it lacks internal memoranda or deliberative notes regarding his claim determination. (Reply 4, ECF No. 15.) Although in his initial Motion, Plaintiff characterized the Administrative Record as containing only "limited information" (Mot 5, ECF No. 10), he raised the issue of lack of completeness for the first time in his Reply. Consequently, the parties have not fully briefed the issue.

In some instances, courts have permitted discovery to determine "'whether a complete administrative record has been assembled, whether any relevant material was not submitted to

14

the Plan Administrator, and what was considered by the Plan Administrator.'" *Jones*, -- F. Supp. 2d --, *3 (quoting *Pediatric Special Care, Inc. v. United Med. Res.*, No. 10-13313, 2011 WL 133038, *2 (E.D. Mich. Jan 14, 2011)); *see also Crosby v. La. Healthy Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011) (reversing trial court's denial of discovery into completeness of the record). Discovery into completeness of the record "does not seek information beyond the facts before the claim administrator or fiduciary at the time the benefits decision was made, but rather is intended to uncover the entire record that was, in fact, considered by the plan administrator or fiduciary." *Doe v. MAMSI Life & Health Ins. Co.*, 448 F. Supp. 2d 179, 184 (D. D.C. 2006) (internal citations and quotation marks omitted). "Moreover, discovery of this character comports with an ERISA administrator's obligation to provide claimants, upon request, with all documents, records, and other information relevant to the claimant's claim for benefits." *Id.* (citing 29 C.F.R. § 2560.503-1(h)(2)(iii)). For a court to allow discovery of this kind, a plaintiff must provide some facts or evidence pertaining to completeness of the record. *See Heacock v. PNC Bank Corp*, No. 3:09-cv-358, 2009 WL 5178331, *2 (W.D. Ky. Dec. 22, 2009) (declining to permit discovery where plaintiff "ha[d] not provided the court with any facts or other evidence pertaining to the accuracy or completeness of the administrative record . . . ."). In *Pediatric Special Care*, for example, the court allowed discovery to determine precisely what the plan administrator considered in its claims determination because the defendant had produced three different versions of the record during discovery. *Pediatric Special Care*, 2011 WL 133038 at *2.

      At this juncture, the Court declines to authorize discovery based on Plaintiff's allegations that the Administrative Record is incomplete. The only basis upon which Plaintiff unequivocally

sought discovery in his Motion is the structural conflict of interest. *See generally*, Mot. for Disc., ECF No. 10. Consequently, the parties have not briefed the issue of whether the Administrative Record is complete. Defendants, no doubt, are aware that the Plan is under a duty to provide Plaintiff with all documents, records, and other information relevant to his claim for benefits. 29 C.F.R. § 2560.503-1(h)(2)(iii). A document, record, or other information is considered relevant to the claim if it was "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8). Memoranda prepared during the claims determination process falls squarely within the purview of relevant information. *See Doe*, 448 F. Supp. 2d at 184 (permitting discovery of "all minutes of each and every meeting . . . conducted regarding plaintiff's claim"). Likewise, to the extent the Plan administrator or committee members discussed or otherwise referenced prior interpretations of the term "retire" in determining Plaintiff's benefits claim, such information would be relevant under § 2560.503-1(m)(8).

Accordingly, Plaintiff's request for discovery into completeness of the record is **DENIED WITHOUT PREJUDICE**. If Plaintiff, after further deliberation with Defendant, is not satisfied that all relevant information pertaining to his claim has been produced and made part of the Record before this Court, he may renew his Motion for Discovery setting forth specific facts or other evidence to support his request for discovery into completeness of the record.

## III.

Accordingly, Plaintiff's Motion for Discovery is **GRANTED IN PART AND DENIED**

**IN PART**.  (ECF No. 10.)  The Court concludes that Plaintiff is entitled to conduct limited discovery into the circumstances surrounding Defendants' structural conflict of interest.  Specifically, Plaintiff's Motion is **GRANTED**, subject to the limitations imposed herein, to the extent it seeks discovery related to (1) prior interpretations of the term "retire"; (2) the composition of the Plan committee and any procedural safeguards aimed at reducing bias; (3) the general existence of financial incentives or bonuses based on company profitability or denial of benefits claims.  Plaintiff's Motion is **DENIED** to the extent it seeks discovery related to (1) the manner in which OEA obtained authority to review claims; (2) Plan funding and the trust document referred to in Plan documents; (3) specific salary or compensation information of any particular OEA employee or claims administrator; (4) internal memoranda regarding claims procedures; and (5) information related to the denial of Plaintiff's benefits claim.  Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks discovery into the completeness of the Record.

    **IT IS SO ORDERED**.

Date: June 19, 2013                                                      /s/ *Elizabeth A. Preston Deavers*
                                                                                  Elizabeth A. Preston Deavers
                                                                                  United States Magistrate Judge